# CIRCUIT COURT OF THE CITY OF ROANOKE

Claudia Ramsey,
Adm'x of the estate of
William Kenneth Ramsey, Jr.

v.

Roanoke Memorial Hospitals

June 1, 1993

Case No. CL92–662

BY JUDGE DIANE McQ. STRICKLAND

I have reviewed the memoranda and accompanying authority submitted to the Court addressing the issue of the applicable statute of limitations for the above-captioned case. Plaintiff's motion for judgment alleges that defendant's negligent dropping of the body of the deceased, William Kenneth Ramsey, Jr., caused damage to the corpse and resulted in emotional distress, embarrassment, and mental anguish to the plaintiff. Plaintiff contends that § 8.01–243(B) which provides for a five-year limitation for filing suits for injury to property is applicable. Defendant argues that § 8.01–248, "personal actions for which no other limitation is specified," governs. It is the opinion of this Court that both parties are correct in part.

The most instructive Virginia case on this issue is *Sanford v. Ware*, 191 Va. 43, 60 S.E.2d 10 (1950), wherein the plaintiff sued for negligent disinterring of the body of her deceased husband. The Supreme Court stated:

> Although there is no right of property in a commercial sense in the dead body of a human being, the right to bury and preserve the remains is recognized and protected as a *quasi* property right. 191 Va. at 48.

Plaintiff further cites for the Court's consideration many cases collected in 53 A.L.R. 4th 360 and 53 A.L.R. 4th 394 which discuss the "*quasi* property rights" of survivors to control a loved one's remains. Based on the authority cited, it is the ruling of this Court that the plaintiff has a *quasi* property right in the remains of William Kenneth Ramsey, Jr., permitting recovery for any pecuniary damage proximately caused by negligence of the defendant. To this *quasi* property right, the Court applies the five-year statute of limitations as provided in § 8.01–243(B).

However, the Supreme Court in *Sanford* further stated:

> But it is universally held that where a personal tort such as that with which we are here concerned, has been committed which will support an action to recover some damages, compensation for mental suffering may be recovered in addition thereto if such suffering is a natural and probable result of the act. 191 Va. at 49.

Similarly, in the present case, to the extent that the plaintiff seeks recovery for emotional distress, embarrassment, and mental anguish, we are concerned with a "personal tort." For such cause of action, § 8.01–248, governing personal actions for which no other limitation is specified, provides the appropriate one-year period of limitation.

Accordingly, it is the opinion of this Court that plaintiff's claims for emotional distress, embarrassment, and mental anguish are barred by the one-year statute of limitations set forth in § 8.01–248. Plaintiff's claim for any pecuniary damages sustained for injury to her *quasi* property rights in the corpse of William Kenneth Ramsey, Jr., are not time-barred, and she is granted a period of twenty-one days from this date to file an amended motion for judgment.